

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*             *United States Courthouse, Suite 9200*
                                             *1 Courthouse Way*
                                             *Boston, Massachusetts 02210*


August 6, 2004


**BY COURIER**

Catherine Byrne, Esq.
Federal Defender's Office
408 Atlantic Avenue, 3rd Floor
Boston, MA 02210

    Re:  <u>United States v. Itza Ruiz, aka Itza Galvan Santos</u>
           Criminal No. 04-10176-RWZ

Dear Attorney Byrne:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

**A.**    **<u>Rule 16 Materials</u>**

    **1.**    **<u>Statements of</u> Defendant <u>under Rule 16 (a)(1)(A) and (B)</u>**

        **a.**    **<u>Written Statements</u>**

    Enclosed herein is a copy of the U.S. Postal Inspection Service *Warning and Waiver of Rights* Form (Spanish and English), dated 4/23/04, which the defendant signed stating that she understood her *Miranda* rights, and waiving those rights. **(See Bates No. 678-679).**

    Enclosed herein are copies of Massachusetts Registry of Motor Vehicles (RMV) photographs depicting the defendant, and an RMV *Application for Knowledge (Written) Test* signed by the defendant. **(See Bates No. 262-264).**

Enclosed herein is a copy of the defendant's U.S. Immigration & Naturalization Service (INS) A-file. **(See Bates No. 1826-1899)**.

Enclosed herein is a copy of the KeyBank USA, N.A., loan records, which includes, among other things, a Promissory Note executed by the defendant. **(See Bates No. 170-211)**.

Enclosed herein is a copy of the defendant's Fellsway Donuts, d/b/a Dunkin Donuts Corporation, employment file, which includes, among other things a copy of the Employment Eligibility Verification Form (Form I-9) completed and signed by the defendant, defendant's social security card, employment authorization card, and a Form W-4 completed and signed by the defendant. **(See Bates No. 880-883)**.

Enclosed herein is a copy of a *Residential Lease Agreement*, signed by the defendant. **(See Bates No. 884)**.

There are no other written statements of the defendant in the possession, custody or control of the government, which are known to the attorney for the government.

### b.  Recorded Statements

After waiving her *Miranda* rights, the defendant provided a detailed statement to U.S. Postal Inspectors Ruth Mendonca and Paul Durand admitting her role in the offenses charged in the indictment. **(See Bates No. 669-764; 1900-1901; 1912-1930)**.

There are no other relevant recorded statements of the defendant in the possession, custody or control of the government, which are known to the attorney for the government.

### c.  Grand Jury Testimony of the Defendant

The defendant did not testify before a grand jury in relation to this case.

### d.  Oral Statements to Then Known Government Agents

See paragraph 1a and 1b above.

There are no other oral statements made by the defendant before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2. **Defendant's Prior Record under Rule 16 (a)(1)(D)**

A check was done of the Massachusetts Criminal History Systems Board, and no prior criminal history record was found.

3. **Documents and Tangible Objects under Rule 16(a)(1)(E)**

Enclosed herein are copies of all documents, which represent books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in its case-in-chief at the trial of this case. Said documents also include memoranda of interviews. (**See** Bates No. 001-2001).

4. **Reports of Examinations and Tests under Rule 16 (a)(1)(F)**

There are no reports of physical or mental examinations of the defendant.

B. **Search Materials under Local Rule 116.1(C)(1)(b)**

No search warrants were obtained in connection with investigation of the charges contained in the indictment in this case.

C. **Electronic Surveillance under Local Rule 116.1(C)(1)(c)**

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D. **Consensual Interceptions under Local Rule 116.1(C)(1)(d)**

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E. **Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)**

There is no conspiracy count charged in the indictment.

3

**F.   Identifications under Local Rule 116.1(C)(1)(f)**

The defendant's photograph **(See Bates No. 559-560, 562)** was shown to the victim, Aixa Gomez-Ramos, who was unable to identify the defendant.

**G.   Disclosure of Exculpatory Evidence under Local Rule 116.2**

**1.   Exculpatory Evidence Under Local Rule 116.2(B)(1)**

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

**a. - b.   Evidence Tending to Negate Defendant's Guilt or Cast Doubt on Admissibility of Evidence**

The government is not aware of any exculpatory information or materials relating to this case of the types described in Local Rule 116.2(B)(1).

**c.   Promises, Rewards, and Inducements**

The government has not offered or made any promises, rewards, or inducements to any prospective witness whom the government anticipates calling in its case-in-chief.

**d. - e.   Criminal Records of Witnesses and Pending Criminal Cases**

At the present time, the government anticipates calling the victim, Aixa Gomez-Ramos, as a government witness, and encloses herein her criminal history record. **(See Bates No. 1986-1193)**.

The government also anticipates calling various lay witnesses, case agents and police officers who investigated this case, but has not yet determined who that will be. When and if the government makes such a determination, it will promptly provide any criminal records and/or information relating to any pending cases for these prospective witnesses.

**f.   Failure of Percipient Witness to Make Identification**

There has been no failure on the part of any percipient witness to make an identification of the defendant. Notwithstanding, see paragraph F above.

H.  **Other Matters**

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure. The government also expects to file an *ex parte* submission with the Court pursuant Local Rule 7.2.

I.  **RECIPROCAL DISCOVERY**

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

J.  **NOTICE OF ALIBI**

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offenses were committed are set forth in the indictment in this case, a copy of which you previously have received.

Thank you for extending me the courtesy to submit the within automatic discovery beyond the August 2nd deadline. Please feel free to call me at (617) 748-3103 if you have any questions regarding the above.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
ANTOINETTE E.M. LEONEY
Assistant U.S. Attorney

Enclosures
cc: Deputy Courtroom Clerk to
    the Honorable Robert B. Collings
    (w/o enclosures)

5