UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
                                )
                                )
         v.                     )    CRIMINAL NO. 04-10176-RWZ
                                )
ITZA RUIZ,                      )
a/k/a ITZA GALVAN SANTOS,       )
and HERIBERTO RUIZ,             )
                                )
            Defendants.         )

**PRELIMINARY ORDER OF FORFEITURE**

**ZOBEL, D.J.**,

   WHEREAS, on or about June 9, 2004, a federal grand jury sitting in the District of Massachusetts returned a Twenty-Three-Count Indictment charging defendants Itza Ruiz, a/k/a Itza Galvan Santos, and Heriberto Ruiz, (collectively referred to as the "Defendants"), with the following violations:  Identity Theft, in violation of 18 U.S.C. § 1028(a)(7) (Counts One through Five); Credit Card Fraud, in violation of 18 U.S.C. § 1029(a)(5) (Counts Six and Seven); Bank Fraud, in violation of 18 U.S.C. § 1344(2) (Count Eight); Student Aid Fraud, in violation of 20 U.S.C. § 1097(a) (Counts Nine through Fifteen); Making a False Statement in a Loan Application, in violation of 18 U.S.C. § 1014 (Counts Sixteen and Seventeen); False Statements in Document Required by Immigration Law, in violation of 18 U.S.C. § 1546(a) (Counts Eighteen and Nineteen); False Statements or Entries, in violation of 18 U.S.C. § 1001(a)(3) (Count Twenty); and Misrepresentation

of Social Security Account Number, in violation of 42 U.S.C. § 408(a)(7)(B) (Counts Twenty-One through Twenty-Three);

AND WHEREAS, the Indictment also includes a Forfeiture Allegation, charging the Defendants with Criminal Forfeiture, pursuant to 18 U.S.C. § 982;

AND WHEREAS, the Forfeiture Allegation of the Indictment seeks the forfeiture, as a result of the bank fraud offenses alleged in Count Eight, of any property, constituting, or derived from, proceeds the Defendants, Itza Ruiz, a/k/a Itza Galvan Santos, and Heriberto Ruiz, obtained, directly or indirectly, as a result of such violation, up to a value of not less than $318,250.00, including, but not limited to, the following:

> The real property and buildings located at 226 Essex Street, Saugus, Massachusetts, recorded in the Essex County Registry of Deeds at Book 2226, Page 166 (the "Defendant Property");

AND WHEREAS, on or about April 4, 2005, the Defendants entered a plea of guilty to all Counts of the Indictment -- including Count 8, Bank Fraud -- in which they are named;

AND WHEREAS, by virtue of the Defendants' guilty pleas and pursuant to 21 U.S.C. § 853(a), as incorporated by 18 U.S.C. § 982, and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Defendant Property, or substitute assets, in a value up to the value of not less than $318,250.00;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. Based upon the conviction of the Defendants, the United States is hereby authorized to seize the Defendant Property and it is hereby forfeited to the United States of America for disposition pursuant to the provisions of 21 U.S.C. § 853(h), as incorporated by 18 U.S.C. § 982.

2. The Defendant Property is to be seized and held by the United States Marshals Service in its secure custody and control.

3. Pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982, the United States Marshals Service shall take any other appropriate steps, pursuant to the applicable provisions of 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982, to seize, forfeit, and dispose of the Defendant Property, giving notice as required by law.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982, the United States Marshals Service shall publish at least once for three successive weeks in the <u>Boston Herald</u>, or any other newspaper of general circulation in the District in which the Defendant Property is located, notice of this Order and of the intent of the United States to dispose of the forfeited Defendant Property in such manner as the Attorney General may direct.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982, the United States Marshals Service shall give, to the extent practicable, direct written notice to any person

known to have alleged an interest in the aforementioned Defendant Property to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. § 982, the notice referred to in paragraphs 4 and 5, above, shall state: (a) that any person, other than the Defendants, asserting a legal interest in the Defendant Property shall, within thirty (30) days of the final publication of notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court for the District of Massachusetts and serve same upon the United States Attorney's Office, Asset Forfeiture Unit, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210, requesting a hearing to adjudicate the validity of his or her interest in the Defendant Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Defendant Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Defendant Property, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(6) and (7), as incorporated by 18 U.S.C. § 982, following the Court's disposition of all petitions filed under this subsection, or, if no such petitions are filed following the expiration of the

period provided in 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 982, for the filing of such petitions, the United States of America shall have clear title to the forfeited Defendant Property.

    8.   Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982, in which all interests will be addressed.

                                                                RYA W. ZOBEL
                                                               United States District Judge
Date: